1  OWEN, WICKERSHAM & ERICKSON, P.C.
   LAWRENCE G. TOWNSEND CBN 88184
2  JOHN C. BAUM CBN 167570
   KATHLEEN E. LETOURNEAU CBN 244747
3  455 Market Street, Suite 1910
   San Francisco, California 94105
4  Telephone:  415.882.3200
   Facsimile:   415.882.3232
5  Email: ltownsend@owe.com
   Email: jcbaum@owe.com
6  Email: kel@owe.com

7  Attorneys for Plaintiff
   SURF CUP SPORTS, LLC
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| Surf Cup Sports, LLC, | Case No. **'17 CV 2055 LAB RBB** |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** |
| vs. | 1. Federal Service Mark Infringement Under 15 U.S.C. §1114 |
| South Florida Surf Soccer Club, Global Sports Group, LLC, and Praesum Healthcare Services, LLC | 2. Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a) |
| Defendants. | 3. Common Law Trademark and Service Mark Infringement and Unfair Competition |
| | 4. California Statutory Unfair Competition Under California Bus. & Prof. Code §17200 et seq. |
| | 5. Federal Trademark Dilution Under 15 U.S.C. § 1125(c) |
| | 6. Unfair Business Practices Under California Business & Professions Code §14330 et seq. (Dilution) |
| | 7. Violation of the Anti-Cybersquatting Consumer Protection Act Under 15 U.S.C. §1125(d) |
| | **DEMAND FOR JURY TRIAL** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Surf Cup Sports, LLC, a California corporation ("Plaintiff" or "Surf Cup"), for its complaint against South Florida Surf Soccer Club, Global Sports Group, LLC, and Praesum Healthcare Services, LLC (collectively "Defendants"), alleges as follows:

## JURISDICTION

1.      This action arises under the Lanham Act, 15 U.S.C. §§ 1114, *et seq*. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over Surf Cup's related state law claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims complained of occurred in this district, and/or the infringement, dilution, and/or unfair competition occurred in this judicial district.

## NATURE OF THE ACTION

3.      This action is for injunctive relief and damages for trademark and service mark infringement under federal law (15 U.S.C. § 1114, et seq.), unfair competition and false designation of origin under federal law (15 U.S.C. § 1125(a)), dilution of a service mark under federal law (15 U.S.C. § 1125 (c)), violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1115(d), dilution under state law (Cal. Bus. & Prof. Code § 14330), unfair competition under state law (Cal. Bus. & Prof. Code § 17200, et seq.), and common law trademark and service mark infringement as a result of Defendants' willful and unauthorized use of Plaintiff's common law and federally registered service marks, as more fully set forth below. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' unlawful activities, and damages as the direct and proximate result thereof, and related relief.

## THE PARTIES

4.     Plaintiff SURF CUP SPORTS, LLC, a California corporation with its principal place of business in San Diego, California, is in the business of competitive training and sporting events in the field of soccer at the youth and semi-professional levels.

5.     Plaintiff is informed and believes and thereon alleges that Defendant SOUTH FLORIDA SURF SOCCER CLUB is a company with its principal place of business in Port St Lucie, Florida. South Florida Surf Soccer Club's legal entity structure is unknown to Plaintiff. South Florida Surf Soccer Club competes with Surf Cup and is in the business of competitive training and sporting events in the field of soccer at the youth and semi-professional levels.

6.     Surf Cup is informed and believes and thereon alleges that Defendant GLOBAL SPORTS GROUP, LLC is a Florida limited liability company with its principal place of business in Jupiter, Florida, and is a corporate sports interest company.

7.     Plaintiff is informed and believes and thereon alleges that Defendant PRAESUM HEALTHCARE SERVICES, LLC is a Florida limited liability company with its principal place of business in Lake Worth, Florida. Praesum Healthcare Services, LLC serves as the elite sponsor of the South Florida Surf Soccer Club team and registered, owns, and uses the domain <southfloridasurfsc.com> where South Florida Surf Soccer Club's website is located.

8.     Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, co-conspirator, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, co-conspirator, alter-ego and/or employment relationship and actively participated in, supervised,

profited from, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Surf Cup's rights and the damages to Surf Cup proximately caused thereby. Surf Cup is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants was vicariously liable for the acts complained of herein; each of the Defendants had the right and ability to supervise and control, and/or did profit from the wrongful conduct, knew of the infringement and/or materially contributed to or induced the infringement. Plaintiff and Defendants are direct competitors.

### ALLEGATIONS OF FACT COMMON TO ALL COUNTS
### Plaintiff's Proprietary Rights in the SURF Marks

9.      Surf Cup, as exclusive licensee and exclusive sublicensor, manages the SURF SOCCER CLUB brand, a mark which represents the goodwill of an organization which is one of the most influential and recognized competitive youth soccer clubs in the nation. Surf Cup's services include training, coaching, organizing and managing youth sports activities, clinics/camps and providing educational support for elite soccer athletes.

10.      Surf Cup created and runs the nation's most elite summer soccer tournament, the San Diego Surf Cup, which takes place over two weekends every July and August and attracts the best youth soccer teams from around the nation. In 2017, 1,200 teams from sixteen states and six countries applied to attend, including teams from Florida.

11.      Plaintiff has used the SURF name and service mark in connection with the aforementioned services in the State of California since at least as early as 1977. Through its assignor and licensees, Surf Cup has used the SURF mark throughout the country since at least as early as 1984.

4

12.     Plaintiff possesses all rights, title and interest in and to the common law SURF name, trademark and service mark, and wave designs (pictured below) (collectively, the "SURF Name") based on the continuous use of the mark in the U.S. and worldwide commerce by Plaintiff, its predecessors, affiliates, and licensees in connection with the aforementioned services.



13.     Surf Cup owns U.S. federal trademark registrations for the following SURF-formative marks in International Class 41:

| Trademark | Reg. No. | Reg. Date | First Use in Commerce |
|---|---|---|---|
| SURF CUP SPORTS | 5,016,776 | August 9, 2016 | April 15, 2013 |
| SAN DIEGO SURF CUP (and Design) | 3,657,518 | July 21, 2009 | March 5, 1992 |

In addition, Surf Cup is the exclusive licensee of the following mark since 2016:

| Trademark | Reg. No. | Reg. Date | First Use in Commerce |
|---|---|---|---|
| SURF SOCCER CLUB | 5,016,764 | August 9, 2016 | 1984 |

Copies of these registrations are attached as Exhibit A. Together, the SURF Name, SURF CUP SPORTS,  SAN DIEGO SURF CUP (and Design), and SURF SOCCER CLUB marks will hereinafter be referred to collectively as the "SURF Mark" or "SURF Marks."

14.     Surf Cup recently celebrated its 40th anniversary and its member base has grown exponentially with a successful nationwide affiliate program. Altogether, more than 10,000 youth soccer players on 600 teams from across the U.S. proudly play under Surf Cup's SURF Marks.

15.     Since 1997, Surf Cup has produced nine National Champions, 24 Regional Champions, over 60 State Champions, over 20 National team players and multiple Major League Soccer ("MLS") players, and its members have secured hundreds of college scholarships for soccer.

16.     Surf Cup has 12 affiliates that operate soccer clubs and compete under the SURF mark. Surf Cup's affiliates are permitted to identify their respective geographic names in proximity to the SURF mark (e.g. NEW YORK SURF, ANAHEIM SURF, HAWAII SURF).

17.     Plaintiff is recognized globally for its SURF CUP competition, a marquee soccer tournament that draws players from around the world. SURF CUP is widely regarded as one of the top youth soccer tournaments in the nation.

18.     Surf Cup is a member of the U.S. Soccer Development Academy ("USSDA") since 2007, the Elite Clubs National League ("ECNL") since 2009, and is Nike's closest amateur club partner since establishing their soccer apparel line in 1992.

19.     In February 2016, Plaintiff authorized and licensed the use of its SURF mark for an semi-professional team by partnering with North County Battalion to create SOUTHERN CALIFORNIA SURF or SOCAL SURF, a United Soccer League Premier Development League ("PDL") soccer club franchise that joined the PDL's Southwest Division.

20.     Plaintiff maintains numerous websites on the Internet at SURF-formative domains, including, but not limited to, www.surfsoccer.com, www.surfcup.com, and www.socalsurfsoccer.com.

21.     The SURF mark is an inherently distinctive trademark to both the public and trade in connection with Surf Cup's services.

22.     As a result of the widespread use and display of Surf Cup's SURF Marks, both the public and the trade use the SURF Marks to identify and refer to Surf Cup's products and services. The SURF Marks have built up extensive goodwill and are famous service marks that are widely recognized both by the public and trade.

23.     The SURF Marks serve primarily as designators of origin of products and services originating from, sponsored or licensed by Surf Cup.

**Defendants' Infringing Activities and Bad Faith Conduct**

24.     On information and belief, with actual and constructive notice of Surf Cup's federally registered SURF marks, Defendants established a youth soccer program and semi-professional soccer team under the SOUTH FLORIDA SURF SOCCER CLUB name and mark on or around January 2016. Defendants use SOUTH FLORIDA SURF SOCCER CLUB, SOUTH FLORIDA SURF, and SURF (collectively, the Infringing Marks) as service marks to identify their services.

25.     On information and belief, Defendants compete concurrently with Surf Cup at the youth level in the USSDA and at the men's amateur level in the PDL. Attached hereto as Exhibit B is a true and correct copy image of a page from the PDL website showing PDL teams being promoted nationally, including into this judicial district, and competing for the national championship. Exhibit B shows two teams, SOUTH FLORIDA SURF and SOUTHERN CALIFORNIA SURF; the page also features a news story about a player named Espinal who plays for one of the SURF teams: "Surf's Espinal Headlines…". Defendant Praesum Healthcare promotes itself on its website and at Defendants' Facebook page as sponsoring "National Contenders," namely, the South Florida SURF Soccer Club semi-professional PDL team.

7

26.     On information and belief, as part of Defendants' franchise agreement with the PDL, Defendants were required to apply to federally register their team name as a trademark, with nationwide rights, within 30 days after its approval to join PDL. Upon information and belief, Defendants did not register or attempt to register their team name or the Infringing Marks because Defendants knew their Infringing Marks were not registrable due to Plaintiff's senior rights in the SURF Marks.

27.     Notwithstanding the foregoing, Defendants are using the ® symbol in connection with the Infringing Marks in a willful and deliberate attempt to mislead others into believing Defendants own a federal registration when they do not.

28.     On information and belief, Defendants adopted a confusingly similar mark to Plaintiff's SURF Marks – despite knowledge of Surf Cup's significant, long and well-established prior use and associated goodwill – to unlawfully misappropriate and infringe Plaintiff's rights in its SURF Marks.

29.     On information and belief, Defendants are attempting to capitalize on the fame and renown of Plaintiff's SURF Marks by intentionally trying to associate the Infringing Marks and their soccer club with Plaintiff's SURF Marks. Not only have Defendants selected a name and mark that is confusingly similar to the SURF Marks for a competing soccer club, but Defendants also adopted a logo imitating Surf Cup's logo, emphasizing the word SURF and associating it with a wave motif—a signature element of the SURF Marks.

            

Surf Cup logo                    Defendants' logo

30.     On information and belief, Defendants registered the domain name <southfloridasurfsc.com> on December 5, 2015 and operate a website at www.southfloridasurfsc.com. A printout from the Domain Tools WHOIS database, reflecting Praesum Healthcare as the registrant of the registration of Defendants' <southfloridasurfsc.com> domain name, is attached hereto as Exhibit C and incorporated herein by reference.

31.     On information and belief, Defendants registered a Facebook page at www.facebook.com/southfloridasurf in December 2015 for their soccer club where Defendants are actively marketing and promoting their services under the Infringing Marks, as shown in the screenshots attached hereto as Exhibit D and incorporated herein by reference. The Facebook page is interactive and invites posts from followers, including persons based in this judicial district.

32.     On information and belief, Defendants have registered the Twitter handle @SoFlaSurf (www.twitter.com/soflasurf) in December 2015 for their soccer club where Defendants are actively marketing and promoting their services under the Infringing Marks, as shown in the screenshots attached hereto as Exhibit E and incorporated herein by reference.

33.     Defendants' Infringing Marks are nearly identical to Plaintiff's SURF Marks, are based on the inherently distinctive term "Surf" (describing nothing related to soccer), and are confusingly similar in sight, sound, meaning, and commercial impression. Because Plaintiff's SURF Marks and Defendants' Infringing Marks are used in connection with identical services (soccer clubs) and goods (sports clothing), confusion is not only likely but has, in fact, occurred on numerous occasions and with full knowledge of Defendants, as alleged herein. Defendants' Infringing Marks constitute a willful infringement of Plaintiff's SURF Marks.

34.     With full knowledge of Surf Cup's rights and infringement concerns, Defendants have, in bad faith, continued using the confusingly similar Infringing Marks. Between approximately December 2016 May 2017, Plaintiff's counsel sent notices to Defendants alerting them to the infringement and demanding, *inter alia*, that Defendants select a new mark. The PDL likewise contacted Defendants in an attempt to resolve this matter between the parties. Defendants, with full knowledge of Plaintiff's rights in the SURF Mark, have engaged in the infringing activity described herein knowing full well the brunt of the harm would be suffered by Plaintiff located in this judicial district.

35.     The correspondence, communications and meetings among the parties did not conclude with an agreement. Defendants did not comply with Plaintiff's requests, have failed to change their name and mark to alleviate marketplace confusion; such confusion and damage incurred by Surf Cup continues unabated due to Defendants' ongoing and prolonged willful infringement.

36.     Defendants' aforementioned unlawful acts are intended to, and are likely to, blur and erode the distinctiveness of the SURF Mark.

37.     Defendants' aforementioned unlawful acts have caused, and will continue to cause confusion and irreparable harm to Surf Cup and its SURF Mark, and to the business and substantial goodwill represented thereby, for which there is no adequate remedy at law. Plaintiff is informed and believes that unless enjoined and restrained by this Court, Defendants will continue to infringe and dilute Plaintiff's SURF Marks. Plaintiff is entitled to permanent injunctive relief and damages and profits according to proof.

## FIRST CLAIM FOR RELIEF
## FEDERAL SERVICE MARK INFRINGEMENT
### 15 U.S.C. § 1114

38.     Paragraphs 1 through 36 are incorporated by reference as though set forth in their entirety herein.

10

39.     Pursuant to 15 U.S.C. §§ 1115(b) and 1065, Plaintiff's U.S. federal registration of Reg. No. 5,016,776 for SURF CUP SPORTS and Reg. No. 3,657,518 for SAN DIEGO SURF CUP (and Design) ("Plaintiff's Registered SURF Marks") serves as evidence of the validity of the registered marks and of the registration of Plaintiff's Registered SURF Marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive nationwide right to use the registered marks in commerce.

40.     Despite having knowledge of Surf Cup's well-known and prior common law and federal statutory rights in Plaintiff's Registered SURF Marks, Defendants adopted and used the Infringing Marks in connection with its competitive training and sporting events in the field of soccer.

41.     Defendants' use of the Infringing Marks, without Surf Cup's consent, in connection with the offering of its competitive services, is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendants' goods and services and thereby infringes Plaintiff's Registered SURF Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Upon information and belief, Defendants' acts of infringement have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales of their goods and services that Defendants would not otherwise have made but for their unlawful conduct.

43.     Defendants' acts of infringement have caused and are causing great and irreparable injury to Plaintiff and to Plaintiff's Registered SURF Marks and goodwill represented thereby, and have caused damages in an amount that cannot be ascertained at this time. Unless this infringement is restrained, Defendants' use will cause further irreparable injury leaving Surf Cup with no adequate remedy at law.

44.   By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining further action and infringement, and to Defendants' profits and to Plaintiff's damages proven to have been caused by reason of Defendants' infringement of Plaintiff's Registered SURF Marks. Additionally, Plaintiff is entitled to the costs of the action, including attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

**15 U.S.C. § 1125(a)**

45.   Paragraphs 1 through 43 are incorporated by reference as though set forth in their entirety herein.

46.   Defendants' unauthorized use of the SURF Mark in connection with their goods and services has a tendency to deceive or confuse customers into believing that Defendants' ads or the goods and services are affiliated with Plaintiff, are sponsored or approved by Plaintiff, or are otherwise associated with or authorized by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A). Such conduct evidences Defendants' willful intent to trade on the Plaintiff's reputation.

47.   Defendants' acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time, and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

48.   By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining further acts of unfair competition, false designation of origin, and false advertising, and to recover attorneys' fees and any damages proven to have been caused by reason of Defendants' aforesaid acts of unfair competition and false designation of origin.

### THIRD CLAIM FOR RELIEF
### COMMON LAW TRADEMARK AND SERVICE MARK INFRINGEMENT
### AND UNFAIR COMPETITION

49.     Paragraphs 1 through 47 are incorporated by reference as though set forth in their entirety herein.

50.     Surf Cup owns and uses the SURF Marks in California and throughout the United States.

51.     Defendants have infringed the SURF Marks by their acts as hereinabove alleged. Defendants' use of the SURF Marks is without permission or authority of Surf Cup and Defendants' use is likely to cause confusion, to cause mistake, and to deceive.

52.     Defendants' use of the SURF Marks in commerce is intentionally designed to cause confusion regarding the source of Defendants' services and/or whether an affiliation exists between Defendants and Surf Cup.

53.     Upon information and belief the acts of infringement undertaken by Defendants were intentionally and knowingly, and with the express intent of trading on the goodwill associated with Surf Cup's marks and in willful disregard of Surf Cup's rights.

54.     As a direct result of Defendants' acts of infringement, Surf Cup has suffered and will continue to suffer irreparable injury and have caused damages  in an amount to be determined at trial unless and until this Court enters an order enjoining Defendants from any further acts of unfair competition.

55.     By engaging in the conduct as hereinabove alleged, Defendants have acted willfully, maliciously, oppressively and fraudulently, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

# FOURTH CLAIM FOR RELIEF
## CALIFORNIA STATUTORY UNFAIR COMPETITION
### California Bus. and Prof. Code §17200 et seq.

56.     Paragraphs 1 through 54 are incorporated by reference as though set forth in their entirety herein.

57.     Surf Cup owns and uses the SURF Marks in California and throughout the United States.

58.     Defendants have infringed the SURF Marks by their acts as hereinabove alleged. Defendants' use of the SURF Marks is without permission or authority of Surf Cup and Defendants' use is likely to cause confusion, to cause mistake, and to deceive.

59.     Defendants' use of the SURF Marks in commerce is intentionally designed to cause confusion regarding the source of Defendants' services and/or whether an affiliation exists between Defendants and Surf Cup.

60.     Upon information and belief the acts of infringement undertaken by Defendants were intentionally and knowingly, and with the express intent of trading on the goodwill associated with Surf Cup's marks and in willful disregard of Surf Cup's rights.

61.     Defendants' activities complained of herein constitute unfair, deceptive and

 unlawful practices in violation of California Business and Professions Code § 17200 et seq. to the injury of Surf Cup and the public.

62.     As a direct result of Defendants' acts of infringement, Surf Cup has suffered and will continue to suffer irreparable injury, and Plaintiff is entitled to disgorgement of Defendants' profits and an order enjoining Defendants from any further acts of unfair competition.

**FIFTH CLAIM FOR RELIEF**

**DILUTION**

**15 U.S.C. § 1125(c)**

63.     Paragraphs 1 through 61 are incorporated by reference as though set forth in their entirety herein.

64.     Plaintiff's SURF Marks became famous long before the acts of Defendants complained of herein.

65.     Defendants' actions constitute use in commerce of a word, term, name or device which is likely to blur the distinctive quality and tarnish the reputation of Surf Cup's famous SURF Marks in violation of 15 U.S.C. § 1125(c).

66.     Defendants' use of the SURF Marks diminishes the capacity of the SURF Marks to identify and distinguish Plaintiff's services under the SURF Marks.

67.     Defendants' use of the SURF Marks has been willful, malicious, fraudulent, deliberate, intentional and in bad faith, with full knowledge and conscious disregard of Surf Cup's rights in its SURF Marks and with an intent to capitalize on the goodwill associated with the SURF Marks. In view of the nature of Defendants' dilution, this is an exceptional case within the meaning of 15 U.S.C. §§1117(a) and 1125(c)(2).

**SIXTH CLAIM FOR RELIEF**

**DILUTION**

**California Bus. and Prof. Code § 14330 *et seq***

68.     Paragraphs 1 through 66 are incorporated by reference as though set forth in their entirety herein.

69.     The SURF Marks are famous in the State of California within the meaning of California Business and Professions Code § 14247.

70.     DEFENDANTS' conduct, as described above, is likely to diminish the public association of the SURF Marks with Surf Cup. Defendants' conduct, as described above, is likely to dilute and will dilute the distinctive quality of Plaintiff's famous SURF Marks by lessening the capacity of those marks to identify and distinguish goods and services offered by Surf Cup under the SURF Marks.

65.     To the extent that Defendants' services are viewed as being less than satisfactory to consumers, Plaintiff's business reputation and goodwill and the reputation and goodwill of its famous SURF Mark is being and will be tarnished and injured.

66.     Defendants have caused injury and damages to Surf Cup, and have caused irreparable injury to Surf Cup's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which Surf Cup has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## CYBERSQUATTING
## 15 U.S.C. 1125(d)

71.     Paragraphs 1 through 69 are incorporated by reference as though set forth in their entirety herein.

72.     Upon information and belief, Defendants had a bad faith intent to profit from the registration and use of the Internet domain name <southfloridasurfsc.com> by registering the confusingly similar and infringing domain name with full knowledge of Plaintiff's SURF Mark and creating an association with Plaintiff's famous SURF Marks as to source or sponsorship.

73.     Through its bad-faith use of the Internet domain name <southfloridasurfsc.com>, and continued use following demands by Plaintiff, Defendants have willfully infringed Plaintiff's SURF Marks, have acted as a cybersquatter by intending to profit from the goodwill associated with the mark,

and have unfairly competed with Surf Cup. These activities will continue unless enjoined by this Court.

74.     Surf Cup has been damaged by Defendants' bad-faith registration and use of the infringing domain name <southfloridasurfsc.com> and has suffered and will continue to suffer irreparable harm unless restrained.

75.     Defendants' acts, as aforesaid, are in violation of the Anti-cybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

76.     Defendants' continued ownership and maintenance of such a confusingly similar and dilutive domain name has caused and will continue to cause irreparable harm to Surf Cup unless the Court orders the transfer of the <southfloridasurfsc.com> domain name to Surf Cup.

77.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, including restraining Defendants from making use of the confusingly similar domain name and ordering Defendants to transfer said domain name to Plaintiff. Plaintiff is further entitled to recover attorneys' fees and any damages, including statutory damages at the election of Plaintiff, proven to have been caused by reason of Defendants' aforesaid acts of cyber-piracy.

Wherefore, Surf Cup prays for judgment as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1.     That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or participation with Defendants be permanently enjoined from using in any manner the SURF Marks or any colorable imitation of the SURF Marks, or anything confusingly similar thereto or likely to cause injury to Plaintiff's business reputation, to identify Plaintiff's goods or services or in connection with advertising or promotion of Plaintiff's goods and services;

2.     That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or participation with Defendants, take affirmative steps to dispel such false impressions that heretofore have been created by Defendants' use of the Infringing Mark;

3.     That Defendants account to Plaintiff for Defendants' profits arising from the foregoing acts of infringement, false advertising, false designation of origin, and unfair competition;

4.     That pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded for three times the greater of:

a.     Plaintiff's damages, in an amount to be determined at trial; and/or

b.     Defendants' profits, in accounting demanded in the preceding paragraph.

5.     That Plaintiff have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1125(d);

6.     That pursuant to U.S.C. § 1125(d), Plaintiff be awarded damages and profits or, at its election, statutory damages of $100,000;

7.     That Plaintiff be awarded punitive damages as authorized under California law for the Defendants' willful tortious conduct as hereinabove alleged;

8.     That Plaintiff be awarded all damages by the above acts caused or other monetary relief allowed by law, including prejudgment interest;

9.     That an accounting be ordered of Defendants' records with reference to all of the above wrongful conduct of Defendants;

10.     That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or participation with Defendants be ordered to transfer the

1   <southfloridasurfsc.com> domain name, and any other domain name(s) controlled

2   by Defendants that infringes Plaintiff's SURF Marks in any manner, to Plaintiff;

3   and

4        11.   That Plaintiff have such other and further relief as the Court may

5   deem just and proper.

6                              Respectfully Submitted,

7   Dated: October 5, 2017        OWEN, WICKERSHAM & ERICKSON, P.C.

8

9                              By:   /s/ Lawrence G. Townsend
                                    Lawrence G. Townsend
10                                   John C. Baum
                                    Kathleen E. Letourneau
11
                                    *Attorneys for Plaintiff*
12                                  *Surf Cup Sports, LLC*

1

### DEMAND FOR JURY TRIAL

2      Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the

3  Federal Rules of Civil Procedure.

4

5  Dated: October 5, 2017              OWEN, WICKERSHAM & ERICKSON, P.C.

6

7                                      By:      /s/ Lawrence G. Townsend

8                                              Lawrence G. Townsend
                                               John C. Baum
9                                              Kathleen E. Letourneau

10                                             *Attorneys for Plaintiff*
                                               *Surf Cup Sports, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28